HARDING, Judge,
dissenting.
I disagree with the majority’s decision to change a long-standing rule without being asked to do so and without more than the tenuous explanation that “fairness dictates” the rule be changed. Majority op. at 806. While fairness is a necessary component of justice, stability of the law is also an integral part of justice. This Court normally changes a long-standing principle of law only when “demanded by public necessity or to vindicate fundamental rights.” Waite v. Waite, 618 So.2d 1360, 1361 (Fla.1993). In this instance, the rule change appears to be precip *807 itated by nothing more than the whim of the Court.
While a change in the rules of judicial administration may not have the same status as decisional law upon which the doctrine of stare decisis attaches, I believe that stability in the law is just as important for our rules of procedure as it is for our rules of law. Grand jury proceedings are a part of a centuries old tradition. Florida Rule of Judicial Administration 2.070 currently gives the chief judge of each circuit the discretion to order the reporting of grand jury proceedings. Fla.R.Jud.Admin. 2.070(b) (“Grand jury proceedings, upon order of the chief judge of the circuit, shall be reported; however, no transcription may be made unless required by an order of a court of competent jurisdiction.”). Where the chief judge has not ordered such reporting, the decision of whether to record testimony at grand jury proceedings has been left to the discretion of the state attorney. As the majority notes, eleven circuits currently do not record grand jury proceedings, while nine others record the proceedings. I find it inappropriate for this Court to suddenly take away the chief judges’ and the state attorneys’ discretion regarding the reporting of grand jury proceedings when there has been no request to do so and no evidence that this discretion has been abused or resulted in unfairness.
As I explained in State v. Schopp, 653 So.2d 1016, 1023 (Fla.1995) (Harding, J., dissenting),
[t]he doctrine of stare decisis provides stability to the law and to the society governed by that law. While no one would advocate blind adherence to prior law, certainly a change from that law should be principled. Where a rule of law has been adopted after reasoned consideration and then strictly followed over the course of years, the rule should not be abandoned without a change in the circumstances that justified its adoption.
The doctrine of stare decisis requires that we examine “ ‘the possible impact on settled expectations and the risk of undermining public confidence in the stability of our basic rules of law”’ before we change a rule of law. Perez v. State, 620 So.2d 1256, 1259 (Fla. 1993) (Overton, J., concurring) (quoting John P. Stevens, The Life Span .of a Judge-Made Rule, 58 N.Y.U. L.Rev. 1, 9 (1983)).
I believe that the instant rule change goes beyond just changing rule 2.070 to require the reporting of testimony in grand jury proceedings. Because this rule change was not prompted by a change in circumstances or a petition from interested parties, it potentially undermines public confidence in the stability of our basic rules of law. If it can be done here for no reason, then is it fair to ask, “What change is next?”
I find it ironic that I dissent from the majority in this decision. If I were a state attorney involved in grand jury proceedings, I would exercise my discretion to require that testimony be reported. However, I find “fairness dictates” no reason to impose my choice on other state attorneys.
Therefore, I respectfully dissent.
GRIMES, C.J., concurs.